## REIGART *v.* SMALL.

A judgment confessed in contemplation of bankruptcy, between the date of the passage of the bankrupt act, and the date when it is to go into operation, is not void as to creditors; though it may prevent the party confessing the judgment availing himself of the bankrupt law.

ERROR to the Common Pleas of York county.

*May* 19.—On the 22d of December, 1841, Slaymaker confessed a judgment to the York Bank. Other judgments were subsequently obtained against him to a large amount. On the 9th of December, 1842, he filed his petition in bankruptcy, which was decreed finally, April 29, 1843. The sheriff of the county having sold his land, paid the money into court, and on the 5th of December, 1843, an auditor was appointed to distribute the fund. One of the judgment creditors objected to the award being made to the judgment of the bank, on the ground that it was a fraud on the bankrupt act. An issue was directed, on the trial of which his honour, (Durkee, President,) instructed the jury, the judgment must have been in contemplation of bankruptcy, and voluntarily given to render it void under that act.

These are all the facts material in the decision by the court here.

*Fisher, Hambly,* and *Ramsay,* for the excepting creditor, plaintiff in error.

*Chapin, Mayer,* and *Evans,* contrà.

ROGERS, J.—This is an issue directed to try whether a judgment, The York Bank *v.* Henry Y. Slaymaker, entered the 22d December, 1841, on a note of the same date, for $18,000, was confessed in fraud of the bankrupt law of the United States. Also, how much if any thing was due on said judgment.

Numerous errors have been assigned which it is useless to consider,

as one exception goes to the plaintiff's right to sustain the action. The exception to which I refer is, that admitting the judgment was confessed in contemplation of bankruptcy, yet, under the circumstances of this case, it cannot be impeached.

The judgment of the York Bank was entered on a note of the same date, on the 22d December, 1841, a time intermediate between the passage of the act and the time the act went into effect, viz. the 1st of February, 1842. In Weiner *v.* Farnum, antè, 146, two points are ruled, particularly the last, which govern this case. 1st. That the bankrupt law has no operation, on an assignment for the benefit of creditors, valid by the previous laws of the state, until the 1st of February, 1842. That the words "future conveyances" contained in that act, mean those made after the act went into effect. 2d, which is most pertinent to this case, that where a judgment is confessed in contemplation of the passage of the bankrupt law, although it prevents the party from availing himself of the benefit of the act, yet it does not avoid the judgment.

The latter point rules this case, for, as the judgment was confessed before the bankrupt law went into operation, and subsequent to the passage of the act, although it may be construed to have been in contemplation of the bankrupt law taking effect, or of the passage of the law, it is a valid judgment, which cannot be avoided or impeached by the creditors of Henry Y. Slaymaker, whatever effect such a proceeding might have had on his petition for the benefit of the act.

Judgment affirmed.